# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-0261V

|  |  |
|---|---|
| JOSH COOK,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br><br>Filed: February 11, 2026 |

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON DAMAGES[1]

On February 13, 2025, Josh Cook filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that he suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of an influenza ("flu") vaccination received on October 25, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 16, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On February 11, 2026, Respondent filed a Proffer on an award of compensation ("Proffer"). Respondent represented that Petitioner agrees

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, **Petitioner is awarded a lump sum of $61,871.93 (representing $60,000.00 for pain and suffering, and $1,871.93 for past unreimbursable expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** Proffer at 2. This amount represents compensation for all damages that would be available under Section 15(a). *Id.* at 2.

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| JOSH COOK,<br><br>          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>          Respondent. | No. 25-261V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF COMPENSATION[1]**

On February 13, 2025, Josh Cook ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of an influenza ("flu") vaccination received on October 25, 2022.  Petition at 1.  On December 15, 2025, the Secretary of Health and Human Services ("respondent") filed his Vaccine Rule 4(c) report, concluding that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury.  *See* ECF No. 25.  On December 16, 2025, Chief Special Master Corcoran issued a ruling on entitlement, finding petitioner entitled to compensation for a SIRVA Table injury.  *See* ECF No. 26.

**I.     Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

---

[1]  This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

the following:

    A.      <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$60,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

    B.      <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$1,871.93.**  *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    **Form of the Award**

The parties recommend that compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

> A lump sum payment of **$61,871.93**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Josh Cook.

> Petitioner is a competent adult.  Proof of guardianship is not required in this case.

                             Respectfully submitted,

                             BRETT A. SHUMATE
                             Assistant Attorney General

                             JONATHAN D. GUYNN
                             Acting Director
                             Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

Case 1:25-vv-00261-UNJ    Document 34    Filed 03/23/26    Page 5 of 5

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

/s/ Alexa Roggenkamp
ALEXA ROGGENKAMP
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
(202) 616-4179
alexa.roggenkamp@usdoj.gov

Dated:  February 11, 2026

3